IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

CHANTHA SITH,                           )
                                        )
            Plaintiff,                  )   2:09-cv-00451-GEB-KJM
                                        )
       v.                               )   ORDER*
                                        )
FIRST AMERICAN LOANSTAR TRUSTEE         )
SERVICES; CHASE HOME FINANCE, LLC,      )
and DOES 1-10, inclusive,               )
                                        )
            Defendants.                 )
_____)

   Each Defendant moves for dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6) of all Plaintiff's claims, arguing Plaintiff fails to state a claim upon which relief can be granted. Each claim concerns a foreclosure action against Plaintiff's real property. Plaintiff failed to oppose the motions.

   For the reasons stated below, the motions on Plaintiff's federal claims will be granted and Plaintiff's state claims will be remanded to the San Joaquin County Superior Court in California from which this case was removed.

                            DISCUSSION

I. Federal Claims

   A. Federal Fair Debt Collection Practices Act ("FDCPA") Claim

       Each Defendant seeks dismissal of Plaintiff's federal unfair

----

   *   This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

debt collection practices claim alleged under the FDCPA, arguing this Act is inapplicable to them because it applies only to "debt collectors" and they are not debt collectors within the meaning of the Act. Plaintiff alleges Defendants are liable under this Act because they "failed to inform [her] of her right to request validation of the alleged debt Defendants were attempting to collect, . . . failed to verify the alleged debt as [Plaintiff] requested in [a letter demanding suspension of the foreclosure sale until the debt had been verified], and failed to suspend their collection [of the debt] until the debt had been verified, as required by 15 U.S.C. § 1692g." (Compl. ¶¶ 41-42.) Plaintiff's allegations however allege that Defendants are engaged in a foreclosure action against her property; this action is not collection activity "within the meaning of the FDCPA." Ines v. Countrywide Home Loans, Inc., No. 08cv1267, 2009 U.S. DIST. LEXIS 21016, at *2 (S.D. Cal. March 12, 2009) (stating the "activity of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." (quoting Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002))). Therefore, this portion of each Defendant's motion is granted.

B. <u>Truth in Lending Act ("TILA") Claim</u>

Each Defendant seeks dismissal of Plaintiff's federal rescission claim, arguing that the three year statute of limitations bars this claim. Plaintiff alleges in this claim that she is entitled to rescission of her loan based on Defendants violation of TILA when they failed to inform her of changes made in the finance charges on the TILA statement and when they improperly calculated the disclosed amounts on that statement. Title 15 U.S.C. § 1635(f) of the TILA

1  prescribes that an obligor's right of rescission "shall expire three
2  years after the date of consummation of the transaction or upon the
3  sale of the property, whichever occurs first."
4       Defendants argue this claim is barred by the three year
5  statute of limitations period since the loan was consummated on
6  October 31, 2005, and Plaintiff waited until January 15, 2009 to file
7  this case in state court.  Defendants seek to have the court take
8  judicial notice of documents supporting their position that the loan
9  was consummated on October 31, 2005.  Specifically, Defendants request
10 judicial notice be taken of Plaintiff's Deed of Trust ("DOT") and a
11 Notice of Default and Election to Sell ("Notice of Default") in which
12 this is shown. (Req. for Judicial Notice, Ex. A and C)
13      In general, when ruling on a motion to dismiss, the court
14 may not consider materials other than the facts alleged in the
15 complaint.  <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996).
16 However, the court may consider materials Plaintiff referenced in the
17 complaint if the documents are central to her complaint and no party
18 questions their authenticity.  <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th
19 Cir. 2006).  Plaintiff references in her Complaint the documents that
20 Defendants seek to have judicially noticed.  (Compl. ¶¶ 6-10).  Since
21 the authenticity of these documents has not been questioned, judicial
22 notice is taken of these documents.  The DOT and the Notice of Default
23 reveal the loan was consummated on October 31, 2005, which is more
24 than three years before Plaintiff commenced this case in state court
25 on January 15, 2009.  Therefore, this portion of each Defendant's
26 motion is granted.
27 / / /
28 / / /

C. <u>Home Ownership and Equity Protection Act ("HOEPA") Claim</u>

Each Defendant seeks dismissal of Plaintiff's federal claim in which Plaintiff alleges each Defendant violated HOEPA. Plaintiff alleges Defendants violated HOEPA by "fail[ing] to provide the disclosures regarding the right of rescission required by 15 U.S.C. § 1639(a)(1) or [by] fail[ing] to provide them in the manner required; and [by] extend[ing] credit to Plaintiff without regard to [her] ability to repay in violation of § 1639(h)." (Compl. ¶ 49.) Defendants argue HOEPA's protections do not apply to the residential mortgage transaction in this case. Defendants are correct. Title 15 U.S.C. § 1602(aa)(1) prescribes that a mortgage "means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction . . . ." Plaintiff's loan involves a residential mortgage transaction. Therefore, this portion of each Defendant's motion is granted.

II. Remanding State Claims

Since the federal claims have been resolved, Plaintiff's remaining state claims are remanded to the San Joaquin County Superior Court. <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 353 (1988) (stating "federal courts [have] wide discretion to remand cases involving pendent claims . . . ." in a removed case).

Dated:  June 17, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge